Steve Michael COX, Petitioner—Appellant,

v.

E.K. MCDANIEL, Warden; Frankie Sue Del Papa, Respondents—Appellees.

No. 02–16313.

D.C. No. CV–98–00482–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2003.

Decided Aug. 1, 2003.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

Before REINHARDT, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

On Cox's second direct appeal to the Nevada Supreme Court, he alleged in a supplemental pro se brief submitted on October 26, 1995, claims that would later become Grounds 3 and 4 of his federal habeas petition: that the state violated *Brady* by performing an inadequate crime scene investigation and that the trial court erred in barring him from eliciting evidence of Wilson's character and criminal record. In its April 24, 1997, dismissal of this appeal, the Nevada Supreme Court stated:

> Although appellant has not been granted permission to file documents in this matter in proper person, *see* NRAP 46(b), we have received and considered appellant's proper person documents. We

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conclude that none of the relief requested therein is warranted.

Because in this April 24, 1997, dismissal the Nevada Supreme Court actually considered and rejected Cox's pro per claims on the merits, the Nevada Supreme Court's April 10, 1998, determination that "Appellant waived these claims by failing to raise them on direct appeal" is plainly in error. Assuming that Nevada's waiver rule generally constitutes an adequate and independent state procedural default barring federal review, clear and convincing evidence shows that Cox did not waive his claims here, and the district court therefore erred in finding them procedurally defaulted.[1] *See Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994) ("[Procedural default] applies only where a prisoner violates a state procedural rule."). As to Grounds 3 and 4 of Cox's federal habeas petition, we reverse the district court and remand for further proceedings on the merits.

We also grant Cox's timely motion to expand the certificate of appealability to include dismissed Grounds 1 and 5(e) of his federal habeas petition: Cox's claim that he did not voluntarily waive his *Miranda* rights, and his claim that his attorney was constitutionally ineffective at his bench sentencing proceeding. "Tak[ing] a 'quick look' at the face of the complaint," *Valerio v. Crawford,* 306 F.3d 742, 775 (9th Cir. 2002) (en banc), and in light of *Commw. of the N. Mariana Is. v. Mendiola,* 976 F.2d 475, 483 (9th Cir.1993), *Skipper v. South Carolina,* 476 U.S. 1, 4–7, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), and *Wiggins v. Smith,* —— U.S. ——, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), reasonable jurists would find the district court's assessment of these claims to be debatable. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The grant of a certificate of appealability as to these claims will have no effect on the disposition of any other claims addressed by the district court on remand.

REVERSED and REMANDED in part; Certificate of Appealability EXPANDED; case in its entirety REMANDED.

---

**1.** Our holding is not that the Nevada Supreme Court erred in applying its own rule as a matter of state law, but rather that the court's finding of waiver does not, in light of the facts, preclude federal review of Cox's federal constitutional claims. *See Johnson v. Missis-*sippi, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) ("[Whether procedural default] can preclude ... consideration of a federal question is itself a federal question.").

